UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JESSIE THOMAS, | ) | |
|         Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:06-CV-144-RL-PRC |
| | ) | |
| EXXON MOBIL OIL CORPORATION, | ) | |
|         Defendant. | ) | |

**OPINION and ORDER**

This matter is before the Court on Plaintiff's Motion For Transfer Of Venue Pursuant To 28 U.S.C. § 1404(a) [DE 22], filed by the Plaintiff on November 30, 2006.  On December 18, 2006, Defendant Exxon Mobil Oil Corporation filed Defendant's Response Brief In Opposition To Plaintiff's Motion For Transfer Of Venue.  On December 27, 2006, Plaintiff Thomas filed Plaintiff's Reply Brief To Defendant's Brief In Opposition To Plaintiff's Motion For Transfer Of Venue.  On January 7, 2007, Defendant Exxon filed a Motion for Leave to File Instanter Surreply to Plaintiff's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a).  On January 9, 2007, the Court granted Defendant's Motion for Leave to File Instanter Surreply to Plaintiff's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) and ordered Defendant Exxon to file its sur-reply on or before January 11, 2007.  On January 10, 2007, Defendant Exxon filed its Surreply to Plaintiff's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a).

As set forth below, the Court denies the instant Motion but nonetheless, based on Title VII's exclusive venue provision and finding that it is in the interests of justice, *sua sponte* orders, pursuant to 28 U.S.C. § 1406(a), that this matter be transferred to the Northern District of Illinois, Eastern Division.

## PROCEDURAL AND FACTUAL BACKGROUND

On or about May 24, 1984, Plaintiff Thomas began his employment with Defendant Exxon as a maintenance mechanic at Defendant's place of business in Cicero, Illinois.  As of the date of filing his Complaint, Plaintiff Thomas was still employed with Defendant Exxon. The Plaintiff alleges that since November 2004, he has been subjected to "repeated harassment and unfair treatment" by the Operations Manager for certain incidents and acts, such as leaving early without notifying his supervisor, using the company telephone, and objecting to but eventually signing a commitment to quality statement.  Pl. Compl., at ¶¶ 5-8.  As to each allegation, the Plaintiff states that "it is an unwritten rule that employee's can leave early without notifying their supervisor", Pl. Compl., at ¶ 5; that "[n]on-black employees [we]re not counseled about using the company telephone", Pl. Compl., at ¶ 6; and that "[n]on[-]black employees were not forced to sign the statement nor disciplined for objecting to sign the statement", Pl. Compl., at ¶ 9.  In short, Plaintiff alleges that "there is one set of rules for white employees and another set of rules for black employees."  Pl. Compl., at ¶ 11.  For relief, Plaintiff requests damages for mental and emotional distress as a result of Defendant's alleged conduct.

On or about June 27, 2005, Plaintiff Thomas filed a charge of discrimination with the Illinois Department of Human Rights.  On January 18, 2006, Plaintiff Thomas received a Right to Sue letter from the U.S. Equal Employment Opportunity Commission.

On April 13, 2006, Plaintiff Thomas filed a Complaint for Race Discrimination in this Court alleging racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq*.  On June 20, 2006, Defendant Exxon filed its Answer.

**ARGUMENTS**

In the instant Motion, the Plaintiff argues that this case should be transferred to the Northern District of Illinois because: (1) the Northern District of Illinois would have diversity jurisdiction over the Plaintiff's claims and Northern District of Illinois is the proper venue because Defendant Exxon operates a facility therein where Plaintiff Thomas was employed and the events giving rise to the cause of action took place in the Northern District of Illinois; (2) the matter will be most conveniently, efficiently, and economically handled in the Northern District of Illinois because many of the key witnesses reside there, including Defendant Exxon's Operations Manager who allegedly subjected Plaintiff Thomas to harassment and unfair treatment and another co-worker who was allegedly subjected to similar disparate treatment; and (3) a transfer to the Northern District of Illinois will serve the interests of justice because residents of the Northern District of Illinois have an interest in ensuring that their corporate citizens adhere to anti-discrimination statutes. In addition, the Plaintiff notes that the only contact he has with the Northern District of Indiana is that his residence is located in Indiana, which is irrelevant to this matter, and that former counsel for the Plaintiff filed this claim in the Northern District of Indiana because "that was the District Court closest to his office."

Defendant Exxon responds arguing that Plaintiff's Motion to Transfer is made solely for the convenience of Plaintiff's current counsel. Defendant Exxon further argues that transfer in this case would cause inconvenience to the Defendant because Defendant Exxon retained its counsel after Plaintiff selected the Northern District of Indiana as the venue. In addition, counsel for the Defendant asserts that he is not admitted to practice law in Illinois and would have to be admitted *pro hac vice* or Defendant Exxon would have to obtain new counsel. Defendant Exxon also argues

that Plaintiff's Motion fails to meet the standard for transfer because (1) the Northern District of Illinois is no more convenient for the Defendant or Defendant's witnesses than the Northern District of Indiana because Defendant Exxon is located in Houston, Texas, where corporate witnesses and Defendant's representatives reside and where documents are stored; (2) the Plaintiff has failed to demonstrate that the Northern District of Illinois is more convenient than the Northern District of Indiana; and (3) transfer of venue is not in the interests of justice because residents of the Northern District of Indiana have an interest in litigation involving a fellow resident, i.e., the Plaintiff. Finally, Defendant Exxon again asserts that "the thing that has changed since Plaintiff originally filed his complaint is his counsel."

Plaintiff Thomas replies arguing, for the first time, that former counsel for the Plaintiff filed this action in the "improper venue."[1]  In support, Plaintiff Thomas relies on 42 U.S.C. § 2000e-5(f)(3), the venue provision covering Title VII of the Civil Rights Act of 1964, which, according to the Plaintiff, establishes the Northern District of Illinois as the proper venue for this action because (1) the unlawful employment practice allegedly was committed at Defendant's place of business within the Northern District of Illinois; (2) Plaintiff's employment records relevant to the alleged discriminatory practice are maintained and administered in the Northern District of Illinois; and (3) "the Plaintiff would have continued to work at the Defendant's Cicero office [within the Northern District of Illinois] but for the alleged unlawful employment practices of the Defendant." Pl. Reply, at 3.

---

[1]In his reply, Plaintiff Thomas fails to cite any statutory mechanism for change and/or transfer of venue upon which he relies in support of his improper venue argument.

4

Finally, in its sur-reply, Defendant Exxon initially argues that Plaintiff waived any improper venue or forum argument when he filed his case in the Northern District of Indiana, and thus the Court should not consider his argument regarding improper venue pursuant to Title VII's venue provision. Nevertheless, the Defendant next argues that, even considering Title VII's venue provision, the factors weigh against transfer because employment records and documents related to this cause of action are maintained and administered in Houston, Texas, not within the Northern District of Illinois. The Plaintiff also points out that Plaintiff Thomas still works at Defendant's place of business within the Northern District of Illinois despite counsel for the Plaintiff's assertion that Plaintiff "would have continued to work at the Defendant's [place of business in the Northern District of Illinois] but for the alleged unlawful employment practices of the Defendant." In its conclusion paragraph, Defendant Exxon requests that the Court deny Plaintiff's Motion to Transfer or dismiss his claims.

The Court will address Plaintiff's Motion in the following manner: a motion to change venue pursuant to 28 U.S.C. § 1404(a) (opening brief), and/or a motion to transfer venue based on improper venue pursuant to 28 U.S.C. § 1406(a) (reply brief).[2]

**ANALYSIS**

As a threshold matter, the Court notes that "[i]t is well settled law in this Circuit that arguments raised for the first time in a reply brief are waived." *Wolotka v. School Town of Munster*, 399 F.Supp.2d 885, 901 (N.D. Ind. 2005) (citation omitted). As justification for this rule, courts cite simple fairness issues because an argument first raised in a reply "deprives the non-moving party

---

[2] The Court notes the apparent contradiction between the Plaintiff's opening brief, in which he argues that the Northern District of Illinois is a more convenient venue than the Northern District of Indiana, and his reply brief, in which he argues that the Northern District of Indiana is an improper venue pursuant to Title VII's venue provision.

5

of an opportunity to respond." *Boyer v. Canterbury School, Inc.*, No. 1:04-CV-367-TS, 2005 WL 2370232, at *3 (N.D. Ind. Sept. 27, 2005). However, a sur-reply may remedy any such unfairness. *Id* (providing that "unfairness would be remedied by allowing surreply as requested by the Defendant"). In the instant case, per Defendant's request, the Court allowed the Defendant to file a sur-reply, in which Defendant Exxon addressed the substantive issues raised for the first time in Plaintiff's reply, i.e., improper venue pursuant to 42 U.S.C. § 2000e-5(f)(3). Therefore, here, the Court finds that Defendant Exxon was not deprived of an opportunity to respond. Accordingly, the Court will consider Plaintiff's reply brief and the substantive issues raised therein as well as Defendant's sur-reply.

A.     *Change of venue pursuant to 28 U.S.C. § 1404(a) (Plaintiff's opening brief)*

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Commentary to section 1404 states: "Section 1404 of Title 28 is the change of venue section. It presupposes that the action has been brought in a proper venue but authorizes its transfer to another district, also proper, but also more suited to the convenience of witnesses and the needs of justice." 28 U.S.C. § 1404(a), Commentary on 1996 Amendment. The purpose of § 1404(a) is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

Based on § 1404(a), there are three requirements that must be satisfied before a civil action can be transferred: (1) venue must be proper in the transferor court; (2) venue must be proper in the transferee court; and (3) the transfer must serve the convenience of the parties and witnesses, and

6

must be in the interest of justice.  *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986).  "A plaintiff, as well as a defendant, may move for transfer of venue under § 1404(a)."  *Id* at 219 (citations omitted).  "In passing on a motion for transfer, the district judge must consider the statutory factors in light of all the circumstances of the case." *Id* (citations omitted).  "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Id.*  Plaintiff Thomas, as the movant, bears the burden under § 1404(a) of proving that the Northern District of Illinois is a more convenient forum than the Northern District of Indiana.  *Id* at 219-20.

Before the Court may transfer a cause of action under section 1404(a), the Court must have subject matter jurisdiction over the action.  *Kendall U.S.A., Inc. v. Central Printing Co.*, 666 F. Supp 1264, 1266 (N.D. Ind. 1987) (noting that, absent subject matter jurisdiction, the court has no power to do anything except dismiss).  In this matter, the Court has federal question jurisdiction over the Plaintiff's Complaint.[3]  *See* 28 U.S.C. § 1331.

The Court now turns to the three requirements for transfer of venue under 28 U.S.C. § 1404(a).  First, the proposed transferor district must be a proper venue.  In order to determine proper venue, the Court must look to Title VII's venue provision,[4] not 28 U.S.C. § 1391.  *See* 28 U.S.C. § 2000e-16(d) (providing that "provisions of section 2000e-5(f) through (k) of this title, as applicable,

---

[3]Despite the Plaintiff's assertion in his Complaint that the Court has diversity jurisdiction, the Court relies on federal question jurisdiction pursuant to 28 U.S.C. § 1331 in that the Plaintiff's claim arises under federal law, in particular Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq*.

[4]The Court notes that, at this point in the analysis, it only considers Title VII's venue provision within the context of a motion to change venue pursuant to 28 U.S.C. § 1404(a).  Even though Plaintiff Thomas failed to cite Title VII's exclusive venue provision in its opening brief, the Court would have completed this analysis nonetheless in order to address the first two requirements for a motion to change venue pursuant to § 1404(a), i.e., venue must be proper in the transferor and transferee court.  The Court will later consider whether Plaintiff Thomas waived an objection to improper venue pursuant to Title VII's venue provision.

7

*shall govern*" employment discrimination actions) (emphasis added); *Gwin v. Reynolds & Reynolds Co.*, No. 01-C-770, 2001 WL 775969, at *1 (N.D. Ill. July 10, 2001) ("Title VII has its own venue provision, 42 U.S.C. 2000e-5(f)(3). Section 5(f)(3) is not simply a supplement to 28 U.S.C. § 1391; it is the exclusive venue provision for all Title VII discrimination actions") (citations omitted); *Cooley v. Levi Strauss & Co.*, No. 95-C-5025, 1995 WL 683494, *1 (N.D. Ill. Nov. 15, 1995) ("Title VII of the Civil Rights Act of 1964 contains its own venue provision, § 2000e-5(f)(3), which is more restrictive than 28 U.S.C. § 1391 , the general federal venue provision. Courts have determined that § 5(f)(3) is the exclusive venue provision for Title VII actions and is not simply a supplement to § 1391") (citations omitted); *Rochlin v. Cincinnati Ins. Co.*, No. IP00189C H/K, 2005 WL 1025776, at *2 (S.D. Ind. April 7, 2005) (providing that the Title VII venue provision is narrower than the more general federal venue provision); *Johnson v. Payless Drug Stores Northwest, Inc.*, 950 F.2d 586 (9th Cir. 1991), *cert. denied*, 505 U.S. 1225 (1992) (holding that, in a Title VII action, the venue provision of Title VII controls venue, not general federal venue statute); *Bolar v. Frank*, 938 F.2d 377, 378 (2d Cir. 1991) (holding that application of the Title VII venue provisions is required and controls the question of venue).

Section 2000e-5(f)(3) provides, in its entirety:

Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which [1] the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, [4] such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the

>     respondent has his principal office shall in all cases be considered a district in which
>     the action might have been brought.

42 U.S.C. § 2000e-5(f)(3).  "A plaintiff need satisfy only one of the Title VII venue provisions for the court to exercise jurisdiction." *Gwin*, 2001 WL 775969, at *1.

In this case, the Northern District of Indiana does not meet any of the requirements of Title VII's exclusive venue provision.  On the contrary, the unlawful employment practice is alleged to have been committed in Cicero, Illinois; Defendant Exxon's records are maintained in Illinois and/or Texas; Plaintiff Thomas continues to work in Illinois; and Defendant Exxon's principal office is located in Houston, Texas.  In fact, Plaintiff Thomas fails to even argue that this Court meets one of the Title VII venue requirements.  The only connection to this Court is the fact that the Plaintiff lives in this District; however, unfortunately for the Plaintiff, under Title VII's exclusive venue provisions, a plaintiff's place of residence is irrelevant.  *See Cooley*, 1995 WL 683494, at *1 (finding that venue was not proper in Illinois, where plaintiff resided, but was proper in Texas where the alleged unlawful employment practice had occurred and where plaintiff's records were maintained); *de Rojas v. Trans States Airlines, Inc.*, 204 F.R.D. 265, 269 (D. N.J. 2001) ("Although the Court appreciates that plaintiff is a citizen of New Jersey, this alone does not give him the opportunity to bring a Title VII lawsuit in New Jersey").  Accordingly, this Court is not a proper venue for the instant action and thus this Court cannot transfer the action under § 1404(a).

B.	*Improper venue argument (Plaintiff's reply brief)*[5]

Section 1406 governs venue transfers when venue has not been properly laid in the transferor court and provides that a court may transfer the case to a proper district "if it be in the interest of justice." 28 U.S.C. § 1406(a); *see Advanced Fresh Concepts Franchise Corp. v. Lwin Family Co.*, No. 03-C-2255, 2004 WL 792840, at *1 (N.D. Ill. Jan. 21, 2004) ("A prerequisite to invoking § 1406(a) is that the venue must be improper. The statute speaks of 'a case laying venue in the wrong division or district.' If the original forum was a proper venue, § 1406(a) cannot apply and 28 U.S.C.A. § 1404(a) is the relevant statute") (quoting 15 Charles Alan Wright et al., Federal Practice and Procedure § 3827 (2d ed. 1986)). While the Plaintiff fails to even cite § 1406, a motion to transfer based on improper venue, i.e., Plaintiff's argument in his reply brief, can only come under § 1406(a). Thus, this Court can transfer venue to a proper district under § 1406(a) when venue has been improperly laid in this district.

As noted above, Plaintiff's reply brief offers new arguments in support of transfer of venue. In particular, Plaintiff cites Title VII's venue provision and argues that not only is the Northern District of Illinois the proper venue but that this Court is an improper venue. In its sur-reply, Defendant Exxon argues that (1) Plaintiff waived any objection to venue by filing his Complaint in this Court and (2) the facts do not support transfer.

---

[5]The Court notes that even though the Plaintiff fails to cite 28 U.S.C. § 1406 as the appropriate statutory mechanism by which a court may transfer a case laying in an improper venue, the Court nevertheless construes the Plaintiff's reply as such.

10

Even if this Court assumes *arguendo* that Plaintiff waived any objection to venue, a point the Court does not concede,[6] the Court need not address Defendant's waiver argument here because, based on Title VII's exclusive venue provision, the Court finds that it is appropriate and in the interests of justice to transfer this case *sua sponte* pursuant to 28 U.S.C. § 1406(a) to the Northern District of Illinois.[7] *See Trujillo v. Williams*, No. 04-2257, 2006 WL 2949135, at *7 (10th Cir. Oct. 17, 2006) ("A court may sua sponte cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interests of justice"); *Caldwell v. Palmetto State Sav. Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987) ("Under the transfer statute [28 U.S.C. §§ 1404 and 1406], a district court may transfer a case upon a motion or sua sponte"); *United Financial Mortg. Corp. v. Bayshores Funding Corp.*, 245 F.Supp.2d 884 (N.D. Ill. 2002) (after finding that because venue was not proper there and thus the court could not transfer the case under 1404(a), "[t]he Court will, however, transfer this case pursuant to 28 U.S.C. § 1406, which governs the dismissal or transfer of cases where venue is improper. It is appropriate for this Court to consider a transfer under this section *sua sponte*") (emphasis in original); *Pathway Financial v. Heaton*, No. 86-C-9089, 1989 WL 49151, at *4 (N.D. Ill. April 21, 1989) ("The decision to transfer a case pursuant to § 1406(a) can be made *sua sponte* in the court's discretion")

---

[6]The Court notes that Defendant Exxon's argument in support of waiver is incorrect. Defendant Exxon argues that Plaintiff Thomas waived any objection to venue "when he selected the United States District Court, Northern District of Indiana as the forum for his lawsuit in April 2006 and when Defendant consented to be sued in this forum." Def. Sur-reply, at 2. In other words, Defendant claims that once a plaintiff selects a venue and files a complaint, that plaintiff has waived any future objection to venue. Thus, it follows from Defendant's argument, that a plaintiff would not be allowed to file a motion for change or transfer of venue if that plaintiff has waived any objection to venue. However, the law in this Circuit holds to the contrary and allows a plaintiff to move for change of venue under 1404(a), s*ee Coffey*, 796 F.2d at 219, and transfer of venue under 1406(a), *Cote v. Wadel*, 796 F.2d 981, 984-85 (7th Cir. 1986). Thus, a plaintiff cannot waive an objection to venue by merely filing a complaint.

[7]In other words, because the Court finds that Title VII's exclusive venue provision dictates that this case belongs in the Northern District of Illinois and *not* the Northern District of Indiana, the Court finds that it is in the interest of justice to transfer this case regardless of whether or not Plaintiff waived venue.

11

(emphasis in original); *Muhammad v. U.S. Parole Com'n*, No. 95-C-3409, 1995 WL 382461, at *1 (N.D. Ill. June 23, 2995) (transferring a case *sua sponte* pursuant to § 1406(a)); *Manso-Diaz v. Sherman*, 2005 WL 1229360, at *1 (W.D.N.Y. May 24, 2005) (providing that "[t]he determination to transfer, rather than dismiss, a case pursuant to § 1406(a) lies within the sound discretion of the district court judge, and a district court may transfer a case *sua sponte* on its own motion") (emphasis in original) (internal citations omitted); *Pierson v. St. Bonaventure University*, No. 2:05-CV-0581, 2006 WL 181988, at *1 (S.D. Ohio Jan. 23, 2006) (transferring a Title VII case *sua sponte* pursuant to § 1406); *Daigre v. SSX, L.L.C.*, No. Civ. A. 97-2700, 1998 WL 187829, *2 (E.D. La. Apr. 20, 1998) (Title VII action); *see also* The Late Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3844 (2006) ("If venue is improper, transfer, if it is to be made at all, must be made under Section 1406(a)"). *But cf. Ward*, 2002 WL 31133099, at *2 ("Unlike under § 1406, a district court may *sua sponte* transfer a case under § 1404"). Here, the Northern District of Illinois qualifies as a proper venue pursuant to Title VII's exclusive venue provision because it fulfills two of the requirements in that (1) the unlawful employment practice is alleged to have been committed in the Northern District of Illinois and (2) the aggrieved person would have worked in the Northern District of Illinois but for the alleged unlawful employment practice.[8]  *See* 42 U.S.C. § 2000e-5(f)(3).  These points are undisputed.  In addition, while the Defendant argues otherwise, employment records relevant to such unlawful employment practice

---

[8]The Court notes that the third requirement under Title VII provides for proper venue "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice... ."  42 U.S.C. § 2000e-5(f)(3).  Even though Plaintiff Thomas (the aggrieved person) still works for Defendant Exxon, the substance of the third requirement applies here and weighs in favor of transfer to the Northern District of Illinois.

12

may be maintained and administered in the Northern District of Illinois.[9]  Finally, while the fourth requirement does not favor transfer to the Northern District of Illinois, that requirement garners the least weight, *see Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993) (providing that the judicial district where the employer's principal office is located is a proper place for venue only if venue cannot be laid in one of the other three possible districts specified in the statute), and, regardless, a court need only fulfill one requirement, *see Gwin*, 2001 WL 775969, at *1 (providing that "[a] plaintiff need satisfy only one of the Title VII venue provisions for the court to exercise jurisdiction").  Considering Title VII's exclusive venue provision, the Court finds that it is in the interests of justice to transfer this case to the Northern District of Illinois.[10]

Accordingly, given the exclusivity of the Title VII venue provision, the fact that the incident giving rise to the filing of the instant Complaint occurred in the Northern District of Illinois and the Plaintiff continues to be employed in the Northern District of Illinois, and this Court's discretion in

---

[9]Defendant Exxon argues that all records are maintained and administered at its principal place of business in Houston, Texas.  However, it seems at least probable that *some* employment records and/or other documents relevant to this litigation are maintained and administered at Defendant's place of business in the Northern District of Illinois where the alleged incident occurred and Plaintiff continues to work.  Therefore, the Court finds that this requirement weighs in favor of transfer.

[10]While the Defendant fails to raise the issue of personal jurisdiction and the Court takes no stance on whether it possesses or lacks personal jurisdiction (by this point in the litigation, Defendant has most likely waived any objection to personal jurisdiction), the Court notes that a district court has the power to transfer a case to another judicial district, whether or not the transferring court has personal jurisdiction over the defendant.  *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465, 467 (1962) ("Nothing in th[e] language [of section 1406] indicates that the operation of the section was intended to be limited to actions in which the transferring court has personal jurisdiction over the defendants. ...  The language of s. 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not.").  Moreover, the fact that the proposed transferee court (Northern District of Illinois) would have personal jurisdiction over the Defendant only further supports transfer to that district.  Finally, in order to transfer a case pursuant to § 1406(a), a court must also have subject matter jurisdiction over an action, and this Court has already determined that it does have subject matter jurisdiction here.

13

determining venue transfers under § 1406, the Court finds that it is in the interest of justice to transfer this case to the Northern District of Illinois, Eastern Division.[11]

## CONCLUSION

Based on the foregoing, the Court now **DENIES** the Plaintiff's Motion For Transfer Of Venue Pursuant To 28 U.S.C. § 1404(a) [DE 22].  Nevertheless, the Court *sua sponte* **DIRECTS** the Clerk of Court to transfer this case to the United States District Court for the Northern District of Illinois, Eastern Division for all further proceedings.

SO ORDERED this 8th day of February, 2007.

/s Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:   All counsel of record
      Hon. Rudy Lozano

---

[11]The Court finds that transfer is especially appropriate here as opposed to dismissal because the Plaintiff would be time barred from initiating a new action due to expiration of the statute of limitations under Title VII, 42 U.S.C. § 2000e-5(f)(1).  *See Burnett v. New York Cent. R.R. Co.*, 380 U.S. 424, 430 n.7 (1965) ("Numerous cases hold that when dismissal of an action for improper venue would terminate rights without a hearing on the merits because plaintiff's action would be barred by a statute of limitations, 'the interest of justice' requires that the cause be transferred"); *Goldlawr, Inc.*, 369 U.S. at 467.