**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| JESSIE R. THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. 2:06-CV-144 |
| | ) | |
| EXXON MOBIL OIL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Motion to Reconsider and Objections to Magistrate Judge's Order Sua Sponte Transferring Case, filed by Defendant, Exxon Mobil Oil Corporation, on February 24, 2007.  For the reasons set forth below, the motion is **DENIED** and the objections are **OVERRULED**.

BACKGROUND

On April 13, 2006, Plaintiff, Jessie R. Thomas, initiated suit against his employer, Defendant Exxon Mobil Oil Corp., alleging he was a victim of racial discrimination, in violation of Title VII of the Civil Rights Act, as amended, 42 U.S.C. section 2000(e) et seq. On November 30, 2006, Plaintiff filed a motion to transfer venue to the Northern District of Illinois.  This motion was fully briefed and, ultimately, Magistrate Judge Paul Cherry found that, pursuant to 28 U.S.C. section 1406(a), it was in the interest of justice to *sua sponte* transfer this case to the Northern District of Illinois,

Eastern Division. Exxon has filed the instant motion arguing that Magistrate Judge Cherry's decision to transfer this case was clearly erroneous and requests this Court to reconsider and set it aside pursuant to Rule 72(a) of the Federal Rules of Civil Procedure.

DISCUSSION

As Exxon is well aware, this Court is not in a position to review Magistrate Judge Cherry's decision *de novo*. Rule 72(a) of the Federal Rules of Civil Procedure grant magistrate judges great latitude in resolving non-dispositive matters, such as that at issue here. Rule 72(a) provides that, "the district court to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co. Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). Thus, the Court will set aside Magistrate Judge Cherry's order transferring this case only to the extent that it "is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).

Under 28 U.S.C. section 1406(a), a district court may "transfer a case brought in the wrong division or district" to a

district where it might have been originally brought if it is "in the interest of justice." Generally, a district court must dismiss such a suit if it denies the transfer. 28 U.S.C. § 1406(a); *Hapaniewski v. City of Chicago Heights*, 883 F.2d 576, 579 (7th Cir. 1989). In deciding whether transfer is appropriate under section 1406(a), courts are to look at whether the transfer is in the interest of justice; that is, whether the transferee forum is convenient to the parties and witnesses as well as what impact transfer has on the efficient administration of the court system. *Wild v. Subscription Plus, Inc.*, 292 F.3d 526, 530 (7th Cir. 2002)(noting that both section 1404(a) and 1406(a) have similar analyses). When evaluating the convenience of the parties and witnesses, a court can consider: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties. *Coleman v. Bucheit, Inc.*, No. 03 C 7495, 2004 WL 609369, at *2 (N.D. Ill. Nov. 3, 2004). The balancing of these factors is committed to the sound discretion of the trial judge, *Cont'l Ins. Co., v. M/V Orsula*, 354 F.3d 603, 608 (7th Cir. 2003), and the decision whether to transfer a case on venue grounds is "largely a discretionary determination," to be decided on a case by case basis. *Von Holdt v. Husky Injecting Molding Sys. Ltd.*, 887 F.Supp. 185, 188 (N.D. Ill. 1995).

It is undisputed that, under Title VII's exclusive venue provision, the Northern District of Indiana was the wrong forum for

this case.  Thus, the section 1406(a) analysis employed by Magistrate Judge Cherry was the correct legal framework.  Exxon's objection is founded on the premise that Magistrate Judge Cherry did not adequately take into account the inconvenience and expense that transfer will have on Exxon.  With a transfer, Exxon explains, it "will no either have to underwrite its counsel's admission pro hac vice in Illinois, or will have to retain new counsel and squander the significant knowledge equity its current counsel has in this case."  (Exxon's Brief, p. 3).  Such a hardship is unjust, Exxon further notes, because it retained counsel in Indiana and has proceeded with this case here for nearly a year.  Without doubt, transferring the case to the Northern District of Illinois causes a hardship on Exxon and Exxon's counsel; there can be no doubt about that.  However, such a consequence is not determinative.  The convenience to Exxon is merely one of five factors to be weighed in determining convenience of a forum.  And, as Exxon pointed out in its initial opposition to Plaintiff's motion to transfer, "the convenience of the attorneys is of "marginal weight at best.'" (Exxon's Opp., p. 3)(citations omitted).

    With Title VII's exclusive venue provision in mind, Magistrate Judge Cherry found the proper venue to be the Northern District of Illinois.  And, Magistrate Judge Cherry was of the impression that the interest of justice required transfer as opposed to dismissal because Plaintiff would be time-barred from initiating a new action due to the expiration of the applicable statute of limitations.

Plaintiff's inability to file a new suit surely was a proper factor for Magistrate Judge Cherry to consider.  *Philips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999).  Moreover, with respect to analyzing the convenience to the parties and the witnesses, it seems as though the first four of the five factors point to the Northern District of Illinois.

Ultimately, this Court can see how Magistrate Judge Cherry found that the interest of justice would be furthered by transferring the case as opposed to dismissal.  While understanding Exxon's frustration at the current pace of proceedings, this Court is far from being left with a firm conviction that a mistake has been made.  Indeed, from a review of the parties' submissions, Magistrate Judge Cherry's order, as well as this Court's own research, it is quite apparent that the decision of whether to transfer this case is largely discretionary.  This Court finds nothing either in the record or in law that would lead it to the conclusion that Magistrate Judge Cherry abused his discretion.  As such, this Court is in no position to overturn Magistrate Judge Cherry's order.

CONCLUSION

For the reasons set forth above, the motion to reconsider is **DENIED** and the objections are **OVERRULED**.

**DATED:  April 2, 2007                    /s/RUDY LOZANO, Judge**
**                                          United States District Court**